UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00049-LLK

BRANDY SHUMAKER                                                                                          PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits.  The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 12 and 13. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 10].

Plaintiff argues that the ALJ erred in declining to accept the disabling opinions of the Commissioner's one-time examining psychologist, Lisa King, Psy.D., and her therapist at Four Rivers Behavioral Health, licensed clinical social worker ("LCSW") Leah Fondaw. Because the argument is unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision.

### The ALJ's findings regarding Plaintiff's mental impairments

On January 4, 2016, Dr. King examined Plaintiff at the request of the Commissioner.  [DN 9-12 at 960[1]].  Dr. King diagnosed posttraumatic stress disorder (PTSD) due to childhood and adult physical, sexual, and verbal abuse; generalized anxiety disorder; panic disorder with agoraphobia; and possible bipolar and/or personality disorder. *Id.* at 962.  Based on her clinical interview and testing, Dr. King opined that Plaintiff is moderately limited in her capacity to understand, remember and carry out instructions

---

[1] Pages references are to the administrative record denominated as such by the Commissioner, which is the number appearing at the bottom of each page of the administrative transcript.

towards performance of simple repetitive tasks; markedly limited in her ability to tolerate stress and pressure of day-to-day employment; markedly limited in her ability to sustain attention and concentration towards performance of simple repetitive tasks; and moderately limited in her capacity to respond appropriately to supervisors and coworkers in a work setting. *Id.* It is not disputed that acceptance of Dr. King's findings would require an ultimate conclusion that Plaintiff is disabled.

On January 15, 2016, in light of Dr. King's findings and Plaintiff's therapy notes from Four Rivers, the Commissioner's program psychologist, Mary K. Thompson, Ph.D., found Dr. King's findings to be "not [sufficiently] supported by signs/findings [and thus] given little weight." [DN 9-6 at 311]. Dr. Thompson opined mental residual functional capacity ("RFC") findings that were substantially the same as those later found by the ALJ. *Compare* RFC findings at DN 9-5 at 258 and DN 9-6 at 317.

In July 2016, upon reconsideration, program psychologist Ann Demaree, Ph.D., concurred with Dr. Thompson's findings. [DN 9-6 at 354].

In March 2018, Plaintiff's therapist at Four Rivers, LCSW Fondaw, completed the standard mental assessment form, finding Plaintiff to be extremely limited in 10 out of 20 functional areas, markedly limited in 5 areas, and moderately limited in 5 areas. [DN 9-14 at 1137-38]. Regarding Plaintiff's understanding and memory, Ms. Fondaw wrote "depression has caused her to have more extreme concentration problems"; regarding sustained concentration and persistence, "she is unable to motivate herself [and] [s]he has gone up to 3 weeks with no shower [and] [s]he is easily effected by others"; regarding social interaction, "she is sensitive to comments of others [and] [s]he is not able to call anyone on phone [and] [s]he is able to answer phone call"; regarding adaptation, "she struggles to deal with any changes [and] [s]he is unable to drive due to severe anxiety [and] [h]er aunt drives her." *Id.* It is not disputed that acceptance of Ms. Fondaw's findings would require an ultimate conclusion that Plaintiff is disabled.

The ALJ gave "little weight to Dr. King's opinion regarding the severity of [Plaintiff's] functional limitations because [her] reported activities and conservative mental health treatment do not correlate with a marked degree of functioning." *Id.* at 265.  The ALJ gave "little weight" to Ms. Fondaw's opinion because "Ms. Fondaw is a licensed social worker, which is not considered an acceptable medical source as defined in the Regulations [and] [t]herefore, [the opinion] is not entitled to significant or controlling weight." *Id.* at 264.  The ALJ gave "great weight" to the opinions of Drs. Thompson and Demaree. *Id.* at 260.

The ALJ took a different view of the evidence than Dr. King and Ms. Fondaw because:

> … [Plaintiff] reports poor motivation and says that she goes for long stretches of time without showering etc., but she is able to keep [medical and therapy] appointments and is consistently clean and well groomed.  She seems to be able to maintain appropriate hygiene when necessary.  She has social anxiety but is able to go out as needed for appointments, errands, etc.  The record suggests that she seems to function better when she has something to do (going to church, working with kids, babysitting, participating in group therapy).[2]

*Id.* at 260.

The ALJ concluded that Plaintiff suffers from severe, or vocationally significant, "mood and anxiety disorders, post-traumatic stress disorder, and a borderline personality disorder." [DN 9-5 at 256].  These impairments result in "moderate" limitations in the areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  [DN 9-5 at 257].  "Because the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria [of the Listing] are not satisfied." *Id.*  Plaintiff has the following mental RFC:

---

[2] Consistently with the ALJ's view of the evidence, Plaintiff herself notes that:

> She participated in group HOUSE program on August 29, 2017, "Brandy is here because her therapist said she needed it.  She needs to socialize with others and overcome depression and anxiety."  TR 1128.  As of October 16, 2017, she reportedly "tried the HOUSE program but said that she was unable to do the activities due to her pain.  She said she has to use the walker to take the trash out or she is unable to do it."  TR 1131.

[DN 12 at 8].

> She is able to understand, remember, and carry out simple instructions and procedures involving brief initial learning periods (defined as periods of thirty days or less).  She can maintain concentration, persistence, and pace for simple tasks involving little or no independent judgment and minimal variation.  She is limited to occasional interaction with the general public.  She requires any changes in the work routine or environment to be rare and gradually introduced.

*Id.* at 258.

### Discussion

As indicated at the outset, Plaintiff argues that the ALJ erred in declining to accept the disabling opinions of Dr. King and Ms. Fondaw.

Dr. King is a licensed clinical psychologist, [DN 9-12 at 963], and the rules for weighing medical opinions[3] provide that licensed clinical psychologists are "acceptable medical sources."  20 C.F.R. § 404.1502(a)(2).  Drs. Thompson and Demaree are program psychologists, who are deemed to be both "highly qualified [acceptable medical sources] and experts in Social Security disability evaluation."  20 C.F.R. § 404.1513a(b)(1).  Ms. Fondaw is a licensed clinical social worker, [DN 9-14 at 1138], and licensed clinical social workers are not on the list of "acceptable medical sources."  They are classified as "other sources."  Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2.  As such, they are not considered to be treating sources whose opinions may be entitled to controlling weight.  *Id.*

Where (as here) there is no treating source medical opinion, an ALJ weighs the medical opinions in light of the same factors.  20 C.F.R. § 404.1527(f)(1).  Those factors include presence of examining relationship, length of relationship and frequency of examination, nature and extent of relationship, supportability of opinion, consistency of the opinion with the record as a whole, and specialization of the source.  20 C.F.R. § 404.1527(c)(1)-(6).

The rules for weighing medical opinion that apply in this case (as summarized above) are open-ended and gave the ALJ a great deal of discretion in determining the weight to give to each opinion.

---

[3] While Plaintiff repeatedly refers to the new rules for weighing medical opinions that are effective for claims filed on and after March 27, 2017, and to evidence related to that date, [DN 12 at 6, 7, 12], the new rules have no significance in this case because Plaintiff filed her disability claim in November 2015, [DN 9-5 at 253].

Admittedly, substantial evidence would have supported the ALJ's preference of the opinions of Dr. King and Ms. Fondaw.  However, substantial evidence also supported the ALJ's decision to give greater weight to the opinions of Drs. Thompson and Demaree.  The substantial-evidence standard, which governs judicial review, "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Plaintiff's argument is unpersuasive because she fails to show that the ALJ abused her discretion in weighing the relevant factors and concluding that Plaintiff's mental limitations are nondisabling.

## Order

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

October 8, 2020

**Lanny King, Magistrate Judge**
**United States District Court**